# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CORNELIUS ARMSTRONG,

Plaintiff,

v.

STATE OF WISCONSIN DEPARTMENT OF CHILDREN & FAMILIES,

Defendant.

Case No. 26-CV-336-JPS

**ORDER**

In February 2026, Plaintiff Cornelius Armstrong ("Plaintiff") sued Defendant State of Wisconsin Department of Children and Families ("DCF") for violations of the American with Disabilities Act (the "ADA"), 42 U.S.C. § 12101, and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601. ECF No. 1. He also moved for leave to proceed without prepaying the filing fee. ECF No. 2. On July 16, 2026, the Court screened his complaint, indicating that it would defer ruling on his motion to proceed without prepayment of the filing fee pending the filing of an amended complaint. ECF No. 8.

On July 27, 2026, Plaintiff filed an amended complaint, ECF No. 9, along with his right-to-sue letter. ECF No. 9-1. However, his amended complaint makes no effort to correct any of the pleading deficiencies the Court noted in its screening order, ECF No. 8.

The only change Plaintiff has made is the attachment of over one hundred pages of exhibits. ECF No. 9-2. But "[w]hile plaintiff may attach and incorporate exhibits to supplement his allegations, 'these attachments cannot take the place of well-pleaded factual allegations that must appear

in the body of the complaint.'" *Mosely v. Covello*, No. 2:25-cv-02951 SCR P, 2025 WL 3013728, at *3 (E.D. Cal. Oct. 28, 2025) (quoting *Hurtado v. Walmart Stores, Inc.*, No. 1:14-CV-1706 JLT, 2014 WL 7337542, at *6 (E.D. Cal. Dec. 23, 2014)). As the Court stated in its screening order, the amended complaint "must be complete in and of itself" and "include all of the allegations and claims." ECF No. 8 at 18 (citations omitted). The Court has already spent significant resources screening his complaint, having already provided almost twenty pages of pleading guidance. *See generally id.* Yet, to reiterate, Plaintiff has not meaningfully engaged with any of the screening order's instructions, nor has Plaintiff so much as informed the Court of what exactly his disability under the ADA and the FMLA is. *See generally* ECF No. 9. Plaintiff needs to not only provide the Court with his disability/disabilities, but also the remaining information that the Court identified in its July 16th screening order, ECF No. 8, before he can proceed with this litigation.

To that end, the Court will grant Plaintiff one last chance to amend his complaint. If Plaintiff wishes to proceed, he must file a second amended complaint curing the deficiencies as described in the Court's July 16th screening order. ECF No. 8. A second amended complaint must be filed on or before **August 28, 2026**. "If [Plaintiff] fails to file an amended complaint within the time allotted, this [entire] action may be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(b)." *Denning v. Altec Aluminum*, No. 4:25-cv-00153-SEB-KMB, 2025 WL 3199894, at *2 (S.D. Ind. Nov. 14, 2025); FED. R. CIV. PRO. 41(b); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1023 (7th Cir. 2013) ("District courts must allow IFP plaintiffs leave to amend at least once in all circumstances in which such leave would be granted to fee-paying plaintiffs under Rule 15(a).").

The Court is enclosing a copy of its amended complaint form. Plaintiff must list all the defendants in the caption of his second amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

In this case, Plaintiff is further warned that, if he elects to file an amended complaint, it may not be a carbon copy of the one hundred and nine pages of exhibits that he just filed. *See* ECF No. 9-2. Indeed, "a lawsuit is not a game of hunt the peanut." *Ghashiyah v. Carr*, No. 22-CV-924-JPS, 2024 WL 1194031, at *2 (E.D. Wis. Mar. 20, 2024) (citing *Greer v. Bd. of Educ. of City of Chi.*, 267 F.3d 723, 727 (7th Cir. 2001)). And "this branch of the court has neither the time nor the resources to engage in what might be charitably described as an archeological dig or truffle hunt." *Id.* (quoting *Sinthasomphone v. Ally Fin. Inc.*, No. 21-CV-863-JPS, 2022 WL 1486512, at *1 (E.D. Wis. May 11, 2022)); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

Plaintiff is advised that the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." If filed, the second amended complaint will supersede the prior complaints and must be complete in itself without reference to the prior complaints. S*ee Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If a second amended complaint is received, it will

become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

Accordingly,

**IT IS ORDERED** that Plaintiff Cornelius Armstrong's amended complaint, ECF No. 9, fails to state a claim;

**IT IS FURTHER ORDERED** that on or before **August 28, 2026,** Plaintiff Cornelius Armstrong may file a second amended complaint using the blank non-prisoner amended complaint form attached to this Order; failure to timely file a second amended complaint, or the filing of one that fails to comply with this Court's instructions, will result in this case being dismissed without further notice; and

**IT IS FURTHER ORDERED** that the Clerk of Court send to Plaintiff Cornelius Armstrong a blank non-prisoner amended complaint form, along with this Order.

Dated at Milwaukee, Wisconsin, this 6th day of August, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

Plaintiff will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE.**